# In re:  McGinness's Adoption.

*Infants—Adoption—Acts of May 4, 1855, P. L. 430; May 19, 1887, P. L. 125, and April 22, 1905, P. L. 297.*

The "next friend" of an infant whose consent is required in adoption proceedings under the Act of May 4, 1855, P. L. 430, as amended by the Acts of May 19, 1887, P. L. 125, and April 22, 1905, P. L. 297, is any one who is interested in the welfare of the child to such an extent as to see that a proper person is entrusted with its rearing. It is not necessarily the next of kin, and it is for the court to determine whether the person consenting is really the next friend.

On a petition for the adoption for two children, the consent of a granduncle as next friend is a sufficient compliance with the provisions of the acts of assembly relative to adoption, and this is the case, even although the grandparents of the children are living.

524        In re: McGINNESS'S ADOPTION.

Statement of Facts—Opinion of the Court. [74 Pa. Superior Ct.

Argued April 29, 1920. Appeal, No. 71, April T., 1920, by Francis McGinness and Nancy J. McGinness, from decree of C. P. Allegheny County, July T., 1919, No. 794, In re: Adoption of Adrian F. McGinness and Delbert Ray McGinness. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition to vacate decree of adoption. Before CARPENTER, J.

The opinion of the Superior Court states the case.

The court dismissed the petition.

*Error assigned* was the decree of the court.

*E. E. Fulmer,* for appellant.—The consent of the grandparents as next of kin was an essential requisite to a legal adoption: In re: Reuben H. Davis, 13 Pa. Dist. Rep. 689; Keeler's Adoption, 52 Pa. Superior Ct. 516; Vandermis v. Gilbert, 10 Pa. Superior Ct. 570.

*Franklin A. Ammon,* for appellee.

OPINION BY TREXLER, J., July 14, 1920:

A petition for the adoption of the McGinness children was presented by George G. Liger and Maggie E. Liger. Robert A. Balmer, a granduncle, was named as next friend and consented to the adoption. The grandparents of the children afterwards presented a petition to set aside the decree of adoption and asked that they be allowed to adopt the children. An examination of the testimony satisfies us that there were ample reasons to move the court to give the Ligers the permanent custody of the children. The mother of the children was a grandniece of Mr. and Mrs. Liger. They had raised her. She was with them in childhood and lived with them for sixteen years. When the oldest boy was born Mrs. Liger took the mother to her home and the child has been there much of the time since. On her death bed Mrs. McGin-

ness, the mother of the children, requested the Ligers to keep the children and they agreed that they would as long as they lived. The adoptive parents are persons of good character and have no children of their own at home, and there is every reason to believe that these orphans will be well cared for.

There is no defect in the proceedings which renders the decree of adoption void. The only reason urged to this end is that the grandparents of the children being alive, the consent of Balmer, the granduncle, was not a compliance with the act ; that he was not properly speaking "the next friend" of the children. Ordinarily the next friend is some one who appears for the infant. "This prochein amy may be any person who will undertake an infant's cause": Bla. Com., 1 Bk. 463. Since the Act of May 4, 1855, P. L. 430, amended in certain respects by the Act of May 19, 1887, P. L. 125, and the Act of April 22, 1905, P. L. 297, provides that the consent of such next friend is essential to a valid adoption, we may assume that the meaning to be attached to the term is: one who is interested in the welfare of the child to such an extent as to see that a proper person is intrusted with its rearing. It is not necessarily the next of kin, for the two terms are not synonomous. It is for the court to determine whether the person consenting is really the next friend. We have nothing on the record showing that Balmer did not measure up to the requirements which make one, "the next friend" of the infant. The testimony shows that he was not only related to the minors, but was so much interested in their welfare that he engaged to contribute to their support.

In any way we regard the case we think the court committed no error. If we consider it as on certiorari the proceedings are regular and in compliance with the act. If under the Act of April 18, 1919, P. L. 72, the testimony is before us we come to the conclusion that the court acted wisely in making the appointment.

Decree affirmed at the costs of the appellants.